IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MOSEN HAKSAR, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170376G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

This matter is before the court on the motion to dismiss—substantively a motion for summary judgment—contained in the Answer of Defendant (the department). Plaintiff (Haksar) appealed the department's assessment of penalties and interest for tax years 2010, 2011, and 2012. At the case management conference, the parties agreed to a briefing schedule by which Haksar would respond to the department's motion and file his own motion for summary judgment no later than February 15, 2018. That deadline passed without any additional filings from Haksar.

The facts alleged in the pleadings and at the case management conference are not in dispute. Haksar began working for Kaiser Permanente in the state of Washington. In 2010, he was relocated to Salem, Oregon, but Kaiser Permanente failed to withhold his Oregon income tax during the years at issue. Haksar failed to file Oregon returns during the years at issue.

In 2013, the department issued Haksar assessment notices for the 2010, 2011, and 2012 tax years. The department assessed Haksar tax, penalties related to his failure to timely file the returns and pay the tax, and interest on the unpaid tax and the underpayment of estimated tax.

---

[1] This Final Decision incorporates without change the court's Decision, entered February 28, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Haksar does not dispute the tax assessment. In his Complaint, he requested relief only from the penalties and the interest. At the case management conference, Haksar's counsel stated he no longer disputed the penalties, either.

Thus, the sole issue before the court is whether Haksar is liable for interest on his unpaid tax and underpayment of estimated tax.

In general, "every deficiency or delinquency arising under any law administered by the Department of Revenue" bears interest at a rate determined according to statute. ORS 305.220; 305.222.[2] ORS 314.400(7) provides for the collection of interest on unpaid tax for the period the tax remains unpaid. ORS 314.525(3) provides for the accrual of interest on underpayments of estimated tax.

Here, Haksar concedes that he was liable for the taxes assessed against him. Given that concession, the department had clear statutory authority to assess him interest on those taxes. There are no material facts in dispute and the department is entitled to prevail as a matter of law. *See* TCR 47 C.[3] Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of March, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

[3] Tax Court Rule (TCR) 47 C states the standard for granting summary judgment.

*This document was signed by Magistrate Poul F. Lundgren and entered on March 20, 2018.*